UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 97-CV-20015

PATRICK G. THELAN,

    Defendant.
                                        /

**ORDER DENYING DEFENDANT'S
"MOTION TO REDUCE SENTENCE BROUGHT PURSUANT TO 3582(C)(2)"**

Pending before the court is Defendant Patrick G. Thelen's "Motion to Reduce Sentence Brought Pursuant to 3582(c)(2)." For the reasons stated below, the court will deny Defendant's motion.

**I. INTRODUCTION**

Defendant was charged in March 1997, in a three-count indictment, with possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1); possession of methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1); and possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). The case was tried by a jury in June 1997 and Defendant was convicted on all counts. Defendant was sentenced to a total prison term of 37 years.

Defendant timely appealed and the Sixth Circuit Court of Appeals affirmed Defendant's convictions on June 18, 1999. On June 14, 2000, Defendant filed a motion

to vacate his sentence under 28 U.S.C. § 2255.  On December 4, 2000, Defendant filed an amended motion to vacate his sentence.  On August 7, 2002, the court issued orders denying Defendant's § 2255 motion and closing the case.

On October 7, 2002, Defendant filed an appeal, a request for issuance of a certificate of appealability, and an application to proceed *in forma pauperis*.  The court granted Defendant's application to waive prepayment of the appeal filing fee, but denied Defendant's request for a certificate of appealability.  Defendant appealed this denial, and the Sixth Circuit denied Defendant's application for a certificate of appealability.  Defendant filed a petition seeking *en banc* rehearing of the denial of his certificate of appealability.  On July 10, 2003, the Sixth Circuit granted in part his petition and issued a certificate of appealability on the single issue of whether Defendant's counsel had rendered ineffective assistance.  On March 28, 2005, the Sixth Circuit affirmed the district court's order.

Defendant filed his motion to reduce sentence presently before the court on November 4, 2005.[1]

## II.  STANDARD

Pursuant to 18 U.S.C. § 3582:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or

---

[1]The government had filed a motion for reduction of sentence pursuant to Rule 35, which the court held in abeyance until resolution of the § 2255 motion.  (*See* 1/16/01 Order.)

on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

### III.  DISCUSSION

### A.  Amendment 506

Defendant asserts that the court failed to sentence [him] under Amendment 506, U.S.S.G. § 4B1.1.[2]  Defendant further maintains that "[i]n applying 4B1.1 to determine

---

[2] Pursuant to Amendment 506:

"Offense Statutory Maximum," for the purposes of this guideline, refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record (such sentencing enhancement provisions are contained, for example, in 21 U.S.C. § 841(b)(1)(A), (B), (C), and (D)).  For example, in a case in which the statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) is increased from twenty years to thirty years because the defendant has one or more qualifying prior drug convictions, the "Offense Statutory Maximum" for that defendant for the purposes of this guideline is thirty years and not twenty years.

* * *

This amendment defines the term "offense statutory maximum" in § 4B1.1 to mean the statutory maximum prior to any enhancement based on prior criminal record (i.e., an enhancement of the statutory maximum sentence that itself was based upon the defendant's prior criminal record will not be used in determining the alternative offense level under this guideline). This rule avoids unwarranted double counting as well as unwarranted disparity associated with variations in the exercise of prosecutorial discretion in seeking enhanced penalties based on prior convictions.  It is noted that when the instruction to the Commission that underlies § 4B1.1 (28 U.S.C. § 994(h)) was enacted by the Congress in 1984, the enhanced maximum

the base offense level, the [s]tatutory [m]aximum for [his] offense of conviction is twenty years, which falls squarely under U.S.S.G. § 4B1.1(c) and sets the offense level at 32. Under offense level 32 and category VI, [his] guidelin[e] range is 210 months to 262 months." (Def.'s Mot. at 4; *see also* Def.'s Reply at 1.)

In response, the government points out that "when [Defendant] was sentenced, he was already sentenced under [Amendment 506]," as the effective date for Amendment 506 was November 1, 1994 and Defendant was sentenced on November 24, 1997. (Gov't's Resp. at 6.) The government argues also that Amendment 506 did not have the effect of lowering his offense level from 37 to 32. (*Id.* at 9.)

As an initial matter, Amendment 506 has been held to be unconstitutional by the United States Supreme Court. *See United States v. LaBonte*, 520 U.S. 751 (1997); *see also United States v. Chingman,* No. 02-1193, 2004 WL 231807, at *6 (6th Cir. 2004). The application of Amendment 506, however, would not be dispositive of Defendant's claim in any event as Defendant's sentence would be the same in its absence.

Under the November 1, 1995 edition of the Federal Sentencing Guidelines, a base level offense of 26 was reached as "at least 100 kilograms but less than 400 kilograms marijuana equivalency produces a base offense level of 26." (PSIR at 9.) Because of Defendant's possession of a firearm, two points were added to his offense level, raising it to 28. (*Id.* at 10.) Under U.S.S.G. § 4B1.1(A), Defendant's

---

sentences provided for recidivist drug offenders (e.g., under 21 U.S.C. § 841) did not exist. The effective date of this amendment is November 1, 1994.

U. S. S. G. § 4B1.1.

offense level was enhanced to level 37.  (*Id.* at 11.)  Based on his total offense level of 37 and criminal history category VI, Defendant's sentencing guideline range was 360 months to life.  (*Id.* at 21.)

Because Defendant was found to be in possession of over 145 grams of a mixture of substance containing methamphetamine and because 18 U.S.C. § 841(b) provides for a minimum ten year and maximum life sentence irrespective of any previous convictions, Defendant was properly sentenced.  Defendant's argument under Amendment 506 is therefore without basis.

The court need not consider Defendant's argument under Amendment 591 because Defendant concedes in his reply that "[A]mendment 591 may not apply to [D]efendant" and "withdraws Amendment 591 as part of [his motion]."  (Def.'s Reply at 1.)

### B.  The Government's Rule 35 Motion

The government asserts that its Rule 35 motion has been pending since December 2000 and asks the court to further defer its decision on the motion until it has decided the motion presently before the court and "for a further period of time after that."  (Gov't's Resp. at 11.)  The court finds the request to be appropriate and will defer a decision on the government's motion.

### IV.  CONCLUSION

IT IS ORDERED that Defendant's "Motion to Reduce Sentence Brought Pursuant to 3582(c)(2)" [Dkt. # 107] is DENIED.

IT IS FURTHER ORDERED that the government's Rule 35 motion is HELD IN ABEYANCE until further order of the court.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 20, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 20, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522