**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                   Case No. 97-CR-20015

PATRICK THELEN,

       Defendant.
_____/

**ORDER CONSTRUING RULE 60(b) MOTION AS A
SUCCESSIVE HABEAS PETITION PURSUANT TO 28 U.S.C. § 2255
AND TRANSFERRING THE PETITION TO THE SIXTH CIRCUIT**

      Pending before the court is a motion that Defendant Patrick Thelen styles as his "Motion for Relief from Judgment Pursuant to FRCP 60(b)(3)(6)." The court finds that this is a successive habeas corpus petition and as such it must be transferred to the Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A).

      Section § 2244(b)(3)(A) of Title 28 U.S.C., provides, in pertinent part:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). The Sixth Circuit has explained that a Rule 60b motion should be treated as a second or successive motion "only if the factual predicate in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." *In re Abdur'Rahman,* 392 F.3d 174, 177 (6th Cir. 2004) (citing *Rodwell v. Pepe,* 324 F.3d 66, 70 (1st Cir.2003)). "If, however, 'the motion's factual predicate deals primarily with some irregularity or procedural defect in the procurement

of the judgment denying habeas relief,' then it should be treated within the usual standards governing Rule 60(b) relief." *Abdur'Rahman*, 392 F.3d at 181.

Defendant previously filed a petition for a writ of habeas corpus challenging the same sentence attacked in the pending motion. He raised the same issue, concerning whether his counsel was ineffective for failing to object to the use of Defendant's 1986 Oklahoma deferred sentence as a predicate conviction supporting a career offender enhancement. The court rejected Defendant's arguments on the merits in an August 7, 2002 opinion, which was affirmed on appeal. Defendant attempts to recast his previous argument by not stating it in terms on ineffective assistance of counsel. Instead, he claims that the government misrepresented his Oklahoma conviction and that the court was either misled or failed to address the merits of his earlier § 2255 motion challenging the use of the Oklahoma conviction. (Def.'s Mot. at 3-5.) The court disagrees. Defendant's challenge met full consideration in this court and on appeal. His instant motion, properly construed, is thus a successive habeas petitioner pursuant to 28 U.S.C. § 2255.

Petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a second or successive petition in this Court. The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).[1] Accordingly,

---

[1] As the court has done in the past, (*see* 4/20/06 Order), it will also grant the government's request to defer a decision on its Rule 35 motion.

IT IS ORDERED that the petition for a writ of habeas corpus [Dkt # 112] be TRANSFERRED to the Court of Appeals for the Sixth Circuit for appropriate review.

IT IS FURTHER ORDERED that the government's Rule 35 motion [Dkt #66] is HELD IN ABEYANCE until further order of the court.

     s/Robert H. Cleland
     ROBERT H. CLELAND
     UNITED STATES DISTRICT JUDGE

Dated:  March 30, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 30, 2007, by electronic and/or ordinary mail.

     s/Lisa Wagner
     Case Manager and Deputy Clerk
     (313) 234-5522