UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Criminal Case No.   97-20015
                                                         Civil Case No.        14-11886

PATRICK G. THELEN,

    Defendant.
                                             /

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO ALTER OR AMEND JUDGMENT**

On August 2, 2002, the court denied Defendant's original motion to vacate sentence. (Dkt. # 88.) Defendant filed a successive motion to vacate, and the court transferred the motion to the Sixth Circuit on March 30, 2007. (Dkt. # 120.) The Sixth Circuit dismissed his application for a successive petition for want of prosecution. Thereafter, Defendant filed another motion to vacate sentence with the Sixth Circuit, which denied his request. (Dkt. # 123.) On May 9, 2014, Defendant filed a third motion to vacate sentence, and the court transferred his successive application to the Sixth Circuit for review. See 28 U.S.C. § 2244(b)(3)(A). Defendant now asks the court to reconsider its order transferring his successive application, arguing that the court committed an error of law by doing so. See Fed. R. Civ. P. 59(e). Defendant's motion will be denied.

The court may grant a Rule 59(e) motion only if the movant demonstrates: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in

controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006).  Defendant argues that the court's order transferring his successive petition to the Sixth Circuit violates the rule announced in *Storey v. Vasbinder*, 657 F.3d 372 (6th Cir. 2011), which held "a petition filed after a remedial appeal, ordered in response to an earlier petition, is not second or successive with the meaning of § 2244(B)—even if it includes claims that could have been included, but were not, in the first petition." *Id.* at 378.  Applying *Storey*, Defendant seeks to renew his argument that one of the predicate offenses used to apply his career offender sentencing enhancement, *see* U.S.S.G. § 4B1.1, has since been expunged under Oklahoma law.

Defendant's renewed argument fails for at least two reasons.  First, contrary to Defendant's assertions, this court did not order a remedial appeal in its original order denying relief under 28 U.S.C. § 2255, instead concluding that "[Defendant's] claim that his Oklahoma disposition has been 'expunged' is . . . without factual basis."  (See Dkt. # 88, Pg. ID 20.)  Thus, Defendant's case falls outside the rule articulated by *Storey*. Second, the Sixth Circuit already denied Defendant's application to file a successive petition raising this argument, stating that Defendant has not been "clearly and convincingly exonerate[d]" of his predicate offenses, before concluding that his "proposed § 2255 motion does not meet the gatekeeping requirements of AEDPA and that standard forecloses review."  (Dkt. # 123, Pg. ID 137.)

Lastly, to the extent Defendant attempts to raise new claims regarding ineffective assistance of counsel during his trial, he must comply with the gatekeeping provisions of § 2244(b)(2) by filing a motion in the Sixth Circuit seeking authorization for this court to

consider his application. Accordingly,

IT IS ORDERED that Defendant's "Motion to Alter or Amend Judgment" (Dkt. # 130) is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: September 15, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 15, 2014, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522