# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Case No. 97-20015

PATRICK G. THELEN,

    Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S "PETITION FOR WRIT OF MANDAMUS DIRECTING BUREAU OF PRISONS TO COMPLY WITH THE SECOND CHANCE ACT"

Before the court is Defendant's "Petition for Writ of Mandamus Directing Bureau of Prisons Comply with the Second Chance Act." (ECF No. 169.) The government filed a response and Defendant replied. (ECF Nos. 171, 172.) For the reasons provided below, Defendant's petition will be denied.

## I. BACKGROUND

Defendant was convicted of possession with intent to distribute cocaine (Count 1), possession with intent to distribute methamphetamine (Count 2), and felon in possession of a firearm (Count 3) in 1997. (ECF No. 47, PageID.130.) In August 2017, the Bureau of Prisons ("BOP") recommended that Defendant receive a one-year placement in a Residential Reentry Center ("RRC") to finish out the end of his sentence. (ECF No. 171-2, PageID.475.) The BOP eventually approved a placement of 120 days, 245 days less than its initial recommendation. (ECF No. 171-3, PageID.476.) It did so due to "limited community resources" and "lack of bed space." (*Id.*)

Defendant then filed a habeas petition before this court in November 20, 2017. (Case 17-13768, ECF No. 1.) In it, Defendant alleged that the BOP violated 18 U.S.C. § 3624(c), 28 C.F.R. § 570.22, and the Due Process Clause of the Fifth Amendment when it gave Defendant a lower RRC placement time than originally recommended. (*Id.*) This court found that the BOP had not violated the law given that the decision to provide RRC placement is discretionary. (*Id.*, ECF No. 14, PageID.102-03.) The court reasoned that Defendant did not have a right to more time in an RRC simply because the BOP had recommended greater time originally. (*Id.*)

Despite the court's ruling, Defendant filed the current motion, copied wholesale from his original habeas petition. The factual allegations are virtually identical. (*Compare id.*, ECF No. 1, PageID.3, *with* ECF No. 169, PageID.455-56.) Defendant alleges, again, that the BOP violated 18 U.S.C. § 3624(c), 28 C.F.R. § 570.22, and the Due Process Clause of the Fifth Amendment in failing to provide a full-year RRC placement.

## II. DISCUSSION

A year and a half has passed since this court last rejected Defendant's challenge to his RRC placement. Defendant's current attempt fails on the merits and procedurally.

First, on the merits, Defendant's arguments are based on the claim that the Second Chance Act ("SCA") created a mandate for the BOP to provide prisoners like Defendant with time in an RRC. However, the SCA only increased the amount of time the BOP *is permitted* to assign prisoners to an RRC from six months to twelve months. 18 U.S.C. § 3624(c) (1996) (amended 2008) ("not to exceed six months"); 18 U.S.C. § 3624(c)(1) (2019) ("not to exceed 12 months"). The decision to place a prisoner in an

2

RRC is still made by the BOP based on the five-factor test provided under 18 U.S.C. § 3621(b). That decision was and remains discretionary, not mandatory. 18 U.S.C. § 3621(b) (emphasis added) ("The Bureau *may* designate any available penal or correctional facility . . . ."); *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Lopez v. Davis*, 531 U.S. 230, 241, 121 S. Ct. 714 (2001) (in the context of drug treatment: "the Bureau thus has the authority, but not the duty, [] to alter the prisoner's conditions of confinement."). *See also Boals v. Quintana*, 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11, 2015) (listing cases that reject an RRC guarantee or entitlement through the SCA). Defendant was denied his RRC time as fully recommended due to limited resources, which was, by all accounts, a reasonable decision based on factor one of the five-factor test. 18 U.S.C. § 3621(b)(1) ("the resources of the facility contemplated").

These findings are confirmed by the very laws on which Defendant relies. The current version of § 3624 states that "[n]othing in this subsection [c] shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621." 18 U.S.C. § 3624(c)(4). The BOP regulation 28 C.F.R. § 570.22 states that "[i]nmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis."

Second, the discretionary nature of RRC placements prevents Defendant from using a petition for a writ of mandamus as a procedural vehicle. To obtain a writ of mandamus, Defendant must show that a government action is mandated by law and is not discretionary. *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011). As described above, the decision to place Defendant in an RRC is discretionary and not mandated by law.

3

## III. CONCLUSION

The decision to provide RRC time is a discretionary determination left to the BOP. It is not mandated by law and cannot be challenged through a petition for a writ of mandamus. Accordingly,

IT IS ORDERED that Defendant's "Petition for Writ of Mandamus Directing Bureau of Prisons Comply with the Second Chance Act" (ECF No. 169) is DENIED.

                                              s/Robert H. Cleland          /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: October 31, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2019, by electronic and/or ordinary mail.

                                              s/Lisa Wagner               /
                                              Case Manager and Deputy Clerk
                                              (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\97-20015.THELEN.PetitionforMandamus.RMK.docx