**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                    Case No. 97-20015

PATRICK G. THELEN,

     Defendant.

_____/

### OPINION AND ORDER DENYING DEFENDANT'S "MOTION TO REDUCE SENTENCE AND APPOINTMENT OF COUNSEL"

Defendant moves to reduce his sentence based on Amendment 798 of the United States Sentencing Guidelines. (ECF No. 158.) The motion has been thoroughly briefed by both Defendant and the government. (ECF Nos. 160, 162, 165, 166.) For the reasons explained below, the motion will be denied.

### I. BACKGROUND

Defendant was convicted of possession with intent to distribute cocaine (Count 1), possession with intent to distribute methamphetamine (Count 2), and felon in possession of a firearm (Count 3). (ECF No. 47, PageID.130.) Before sentencing, the Probation Office prepared a presentence investigation report on July 10, 1997. The report detailed that Defendant was found guilty of two prior controlled substance offenses. One included a delivery of marijuana charge in Oklahoma, for which Defendant was sentenced to five years probation under a deferred sentence. The other included a delivery of marijuana charge in Michigan, where Defendant was sentenced to one to two years probation. Based on these two prior offenses, Defendant qualified as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (U.S. Sentencing

Comm'n 1997). He was sentenced to concurrent terms of thirty years (Count 1), thirty-seven years (Count 2), and ten years (Count 3).

Defendant now challenges his classification as a career offender. He relies on a 2016 amendment to the U.S. Sentencing Guidelines and argues for its retroactive effect on his sentence. (ECF No. 158, PageID.408-09.) U.S.S.G. Amendment 798 (U.S. Sentencing Comm'n 2016). Defendant argues that this change in classification should convince the court to reduce his sentence under 28 U.S.C. § 2255 collateral relief. He claims the classification resulted in an increased guideline range from the range of eleven years and four months to fourteen years and seven months to the range of 360 months to life. (ECF No. 158, PageID.408.)

## II. DISCUSSION

Defendant solely relies on the Sixth Circuit precedent *United States v. Kennedy*, 683 F. App'x 409 (6th Cir. 2017) to support his claim. That case is inapplicable to the current motion for two reasons.

First, *Kennedy* concerned a different provision of Amendment 798. In *Kennedy*, 683 F. App'x at 418-19, the Sixth Circuit retroactively applied the amendment's list of "crimes of violence" to deny a defendant's sentencing challenge. However, here, Defendant does not argue over the definition of a "crime of violence." Instead, Defendant disputes his sentencing as a career offender for his two prior "controlled substance offense[s]." U.S.S.G. § 4B1.1(a).

Amendment 798 included guidance that state misdemeanors may be classified as felonies for purposes of a career offender enhancement. It added that this may justify a downward departure. U.S.S.G. Amendment 798. A felony under the guidelines is "an

2

offense punishable by death or imprisonment for a term exceeding a year." U.S.S.G. § 4B1.2 cmt. 1. Here, Defendant's sentence was enhanced due to a charge for attempted delivery of marijuana in Michigan. (ECF No. 158, PageID.414.) Under Michigan law, that crime is punishable by over a year imprisonment but is classified as a misdemeanor. Mich. Comp. Laws § 333.7401(2); Mich. Comp. Laws § 750.92(3). Thus, Defendant could qualify for a downward departure under Amendment 798.

However, Defendant does not point to any legal basis for retroactively applying Amendment 798's state misdemeanor guidance. The court could not discover a case doing so independently. Simply having precedent finding one part of an amendment to be retroactive does not automatically apply retroactivity to the whole amendment. In fact, after *Kennedy*, the Sixth Circuit itself found another section of Amendment 798 to be substantive and thus non-retroactive. *United States v. Jackson*, 901 F.3d 706 (6th Cir. 2018). In doing so, the court expressly stated that "[n]othing prohibits an amendment from being clarifying in part and substantive in part." *Id.* at 709 (relying on U.S.S.G. § 1B1.11(b)(2) and *United States v. Geerken*, 506 F.3d 461 (6th Cir. 2007)). Specifically, the court stated that "Amendment 798 has clarifying [thus retroactive] and substantive [non-retroactive] pieces." *Id.* Accordingly, *Kennedy* does not bind this court to retroactive application of an unrelated part of Amendment 798.

Second, *Kennedy* involved a direct appeal. Here, Defendant is requesting resentencing through § 2255 habeas petition. Courts throughout this circuit have previously found arguments for resentencing based on "clarifying" amendments unsuitable for collateral review. *Maxwell v. United States*, 2019 WL 148867, at *2 (E.D. Tenn. Jan. 9, 2019); *Johnson v. United States*, 2016 WL 6084018, at *2 (S.D. Ohio Oct.

17, 2016); *United States v. Osborne*, 2017 WL 915129, at *2 (E.D. Ky. Mar. 8, 2017);

*Hinkle v. United States*, 2019 WL 3293908, at *6 (E.D. Tenn. Jul. 22, 2019); *Morgan v.*

*United States*, 2017 WL 990793, at *2 (E.D. Mich. Jan. 31, 2017); *United States v.*

*Boyd*, 2017 WL 3391656, at *2 (E.D. Tenn. Aug. 7, 2017). Defendant cannot now rely

on *Kennedy* to obtain resentencing through a § 2255 motion.

Given that Defendant's petition is meritless, he is not entitled to appointment of

counsel. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778 (E.D. Mich. 2004) (citing *Thirkield v.*

*Pitcher*, 199 F.Supp.2d 637, 653 (E.D. Mich. 2002)).

### III. CONCLUSION

Defendant asserts that the Sixth Circuit precedent *United States v. Kennedy*, 683

F. App'x 409 (6th Cir. 2017) binds this court and allows resentencing for his 1997

conviction. *Kennedy* applied to a different part of Amendment 798 and involved a direct

appeal, not a habeas petition. Thus, Defendant's motion is denied. Accordingly,

IT IS ORDERED that Defendant's "Motion to Reduce Sentence and Appointment

of Counsel" (ECF No. 158) is DENIED.

s/Robert H. Cleland                    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, October 31, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner                          /
Case Manager and Deputy Clerk
(810) 292-6522